Lanning M. Trueb, ABA #8911083
JOHNSON BEARD & TRUEB, PC
330 L Street
Anchorage, Alaska 99501
(907) 277-0161 Phone
(907) 277-0164 Fax
Email: Lmtrueb@msn.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JULIA WHEELER, as Personal Representative of the Estate of Blake Gloria,<br><br>Plaintiff,<br><br>v.<br><br>BAY WELDING SERVICES, INC.,<br><br>Defendant. | Case No. 3:19-cv-00120-SLG<br><br><br>**COMPLAINT FOR MARITIME WRONGFUL DEATH** |

Plaintiff Julia Wheeler, as Personal Representative of the Estate of Blake Gloria, through counsel Lanning M. Trueb of Johnson Beard & Trueb, PC, and for her Complaint for wrongful death, alleges the following causes of action against the defendant Bay Welding Services, Inc.

**INTRODUCTION, JURISDICTION, VENUE & PARTIES**

1. This is a case of admiralty and maritime jurisdiction as hereinafter more fully appears. This is an admiralty and maritime claim within the meaning of Fed. R. Civ. P. 9(h). The negligence actions against defendant arise under the general maritime law. Plaintiff waives the right to a trial by jury and elects to try this action on the admiralty side of this Honorable Court. For the reasons noted more fully below, both jurisdiction and venue are appropriate before this Court.

2. The maritime wrongful death claims herein stem from the death of Blake Gloria. At all times relevant, Blake Gloria was employed by K.C. Fisheries, Inc. and/or Kenneth Christiansen (hereinafter referred to collectively as "KC Fisheries") as a seaman aboard the F/V Mary Ann.

3. At all relevant times the F/V Mary Ann was owned by KC Fisheries.

4. At the time of the accident, Mr. Gloria was a citizen of the United States and a resident of Kodiak, Alaska.

5. Julia Wheeler is the duly appointed Personal Representative of the Estate of Blake Gloria, and the natural mother of the sole beneficiary to the maritime claims in this matter. As the Personal Representative of the Estate of Blake Gloria, Ms. Wheeler is entitled to bring this action.

6. Defendant Bay Welding Services, Inc. is an Alaska Business Corporation, Entity Number 76462D, with its principle place of business in Homer, Alaska. Defendant is in the business of building and selling vessels, including seine skiffs.

7. The accident causing Mr. Gloria's death occurred in relation to a vessel commercial fishing on navigable waters of the United States within the State of Alaska and/or its territorial waters (i.e., within three miles of shore) off Kodiak Island, Alaska.

8. This Court has both subject matter and personal jurisdiction over all of plaintiff's claims.

9. The accident and Mr. Gloria's death occurred on August 13, 2018. Per 46 U.S.C. § 30106, the claims in this case are timely filed.

**FACTS UNDERLYING CLAIMS**

10. Plaintiff hereby realleges and incorporates paragraphs 1 – 9.

JOHNSON BEARD & TRUEB, PC
330 L STREET
ANCHORAGE, ALASKA 99501
PHONE (907) 277-0161
FAX (907) 277-0164

11. On information and belief, in late 2014 KC Fisheries contracted with defendant to have defendant build it a seine skiff for KC Fisheries' use in the Alaska commercial fishing industry.

12. On information and belief, defendant built the seine skiff during the first part of 2015.

13. On information and belief, defendant thereafter caused to be issued a Department of Homeland Security U.S. Coast Guard Builder's Certification and First Transfer of Title (hereinafter "Builder's Certification"). The Builder's Certification was dated May 5, 2015. The Hull Identification Number on the Builder's Certification for the seine skiff defendant constructed is EKJ17922E515. This seine skiff is hereinafter referred to as "the skiff".

14. While in the service of the F/V Mary Ann, Mr. Gloria died during the afternoon of August 13, 2018 when welds securing a Sea Catch holding bracket aboard the skiff failed, causing the skiff to capsize. When the skiff capsized, Mr. Gloria was thrown into the ocean. Over a period of approximately 30 minutes, Mr. Gloria suffered conscious and severe pain, anxiety, psychological distress, and anguish as he struggled for his life while the crew attempted to rescue him. Despite these efforts, Mr. Gloria's battered body was found on the rocky shores off Alitak Bay, Kodiak Island, Alaska. The crew tried to revive Mr. Gloria for over 30 minutes. Tragically, these efforts were futile. Mr. Gloria was dead.

15. As constructed by defendant, the skiff contained a receiver meant to hold a Sea Catch. The receiver was simply two bracket arms to which the Sea Catch was secured. The two bracket arms were welded to a plate.

16. A Sea Catch is a quick release mechanism used to secure and/or release a seine net tow line to/from the skiff. The Sea Catch itself was not manufactured or constructed by the

defendant. The Sea Catch itself did not fail prior, during or after the accident causing Mr. Gloria's death.

17. The Sea Catch in use on the day of Mr. Gloria's death was attached to the seine skiff by way of a bolt used in conjunction with the receiver's two bracket arms. The two bracket arms, as well as the metal plate to which the bracket arms were attached, were part of the skiff as designed, manufactured and constructed by defendant.

18. Defendant secured the two bracket arms to the metal plate by way of one weld bead per bracket arm. The respective weld beads were along the outboard side of the respective bracket arms. Defendant did not weld along either of the bracket arms' inboard sides when securing the bracket arms to the plate.

19. On information and belief, as initially contracted and designed, defendant planned on installing a John Deer 6090 425 horsepower engine in the skiff. After the initial contract, the engine model and size were changed to a Cummins QSC 8.3L 500 horsepower engine. Defendant made no change to the skiff's design in relation to the increase in power reflected in the change in engine model and size when defendant manufactured the skiff.

20. On information and belief, from the time defendant manufactured the seine skiff to the time of the accident, there were no changes to the skiff's Sea Catch receiver, including the receiver bracket arms, or the manner and/or method in which the bracket arms were connected to the plate.

21. On information and belief, from the time defendant manufactured the seine skiff to the time of the accident, the same engine installed at the time of manufacturing, namely, the Cummins QSC 8.3L 500 horsepower engine, was used to power the skiff.

22. On August 13, 2018, Mr. Gloria was operating the F/V Mary Ann's skiff while the F/V Mary Ann's seine net was connected to the skiff by way of the Sea Catch.

**Complaint for Maritime Wrongful Death**
*Wheeler v. Bay Welding Services, Inc.*

Page 4 of 8

Case 3:19-cv-00120-SLG   Document 1   Filed 04/22/19   Page 4 of 8

23. With the seine net secured to the skiff by way of the Sea Catch, Mr. Gloria towed the net in a manner so as to close the net. While doing so, the welds securing the two Sea Catch receiver bracket arms to the plate gave way and failed; thereby causing the Sea Catch with connected seine net to separate from the skiff.

24. When the welds securing the Sea Catch receiver bracket arms gave way and failed, the off-setting forces resulting from the separation of the net from the skiff caused the skiff to flip.

25. When the skiff flipped, Mr. Gloria was cast into the ocean. Despite Mr. Gloria's attempts to remain afloat and the crew of the F/V Mary Ann's attempts to rescue Mr. Gloria, Mr. Gloria's body was cast against the rocks and shore of Kodiak Island. Shortly thereafter, Mr. Gloria drowned.

26, At all times relevant, the skiff was operated pursuant to its intended use and in a manner reasonably anticipated by defendant when designing, manufacturing, constructing and/or selling the skiff.

27. Immediately prior to his death, Mr. Gloria operated the skiff in a reasonable and prudent manner.

28. Mr. Gloria was not contributorily at fault for his death.

## RESPONDEAT SUPERIOR

29. Plaintiff hereby realleges and incorporates paragraphs 1 – 28.

30. Decisions regarding the design, manufacturing, fabrication and construction of the skiff's Sea Catch receiver, receiver bracket arms and plate, as well as decisions, or lack thereof, regarding modifications stemming from the change to the Cummins QSC 8.3L 500 horsepower engine, were done by officers, employees acting within the course and scope of their employment and/or agents of the defendant.

**Complaint for Maritime Wrongful Death**
*Wheeler v. Bay Welding Services, Inc.*

31. Work regarding the design, manufacturing, fabrication and construction of the skiff's Sea Catch receiver, receiver bracket arms and plate, as well as work, or lack thereof, regarding modifications stemming from the change to the Cummins QSC 8.3L 500 horsepower engine, were done by officers, employees acting within the course and scope of their employment and/or agents of the defendant.

32. Defendant is liable as respondeat superior for the decisions, work and actions of its officers, employees and agents regarding the design, manufacturing, fabrication and construction of the skiff's Sea Catch receiver, receiver bracket arms and plate, as well as work, or lack thereof, regarding modifications stemming from the change to the Cummins QSC 8.3L 500 horsepower engine, as well as, without limit, those decisions, work and actions set forth in Paragraph 35 below.

## CLAIMS FOR GENERAL MARITIME LAW NEGLIGENCE

33. Plaintiff hereby realleges and incorporates paragraphs 1 – 32.

34. Defendant owed all using the skiff, including Mr. Gloria, a duty of reasonable care when designing and/or manufacturing and/or modifying and/or constructing the skiff.

35. Defendant breached its duties to Mr. Gloria when designing and/or manufacturing and/or modifying and/or constructing the skiff as follows:

    a. Not welding both the outboard and inboard sides of the Sea Catch receiver brackets arms to the plate; and/or

    b. Welding the Sea Catch receiver bracket arms to the plate in a non-workmanlike and/or unreasonable manner, including without limit the lack of fusion at the root of the receiver bracket arms' weld beads; and/or

Complaint for Maritime Wrongful Death
*Wheeler v. Bay Welding Services, Inc.* Page 6 of 8
Case 3:19-cv-00120-SLG   Document 1   Filed 04/22/19   Page 6 of 8

   c. Not modifying the strength and construction of the skiff, including the Sea Catch receiver bracket arms and plate, to accommodate the increase in skiff engine size and strength and the forces caused by the same; and/or

   d. Other reasons found through the course of discovery in this matter.

36. Defendant's breach of duty(s) owed were a legal cause of Mr. Gloria's death and resulting damages to the legal maritime beneficiaries in this matter.

37. The beneficiary damages stemming from defendant's negligence include without limit losses associated with Mr. Gloria's pre-death pain, anxiety, distress, anguish, and suffering, and beneficiary loss of support, loss of society, loss of house hold services, loss of care, nurture and guidance, and loss of inheritance.

## CLAIMS FOR MARITIME STRICT PRODUCTS LIABILITY

38. Plaintiff hereby realleges and incorporates paragraphs 1 – 37.

39. At all times relevant, defendant was engaged in the business of manufacturing and selling vessels, including the skiff.

40. For those reasons set forth in Paragraph 35 above, incorporated herein, defendant manufactured and sold the skiff in a defective condition unreasonably dangerous to the users of the skiff, including Mr. Gloria.

41. Defendant, as the manufacturer and seller of the skiff, is subject to strict liability products liability because it was an integral part, indeed the integral part, of the overall producing and marketing enterprise that produced the skiff, including without limit the Sea Catch receiver bracket arms and plate, in a defective condition unreasonably dangerous to Mr. Gloria, the user of the skiff at the time of the accident on August 13, 2018.

42. The defective condition of the skiff as outlined in Paragraph 35 above, incorporated herein, was the legal cause of the accident, injury and damages claimed herein.

**Complaint for Maritime Wrongful Death**
*Wheeler v. Bay Welding Services, Inc.*

These damages include without limit beneficiary damages associated with Mr. Gloria's pre-death pain, anxiety, distress, anguish, and suffering, and beneficiary loss of support, loss of society, loss of house hold services, loss of care, nurture and guidance, and loss of inheritance.

WHEREFORE PREMISES CONSIDERED, plaintiff prays this Court to hear her just cause of action, and that this Court require the defendant to answer her just cause of action, and that she be awarded judgment against defendant as follows:

1. That Plaintiff, for the benefit of the maritime beneficiary, be awarded damages for Mr. Gloria's pre-death pain, anxiety, distress, anguish, and suffering, and beneficiary loss of support, loss of society, loss of house hold services, loss of care, nurture and guidance, and loss of inheritance, as well as any other loss under the general maritime law against defendant in a sum in excess of Two Million Dollars ($2,000,000.00), in an amount to be more fully determined at trial in this matter.

2. That plaintiff be awarded attorney's fees, prejudgment interest, post-judgment interest, costs, and any other relief in law or equity to which plaintiff is shown to be entitled.

DATED this 22nd day of April, 2019, at Anchorage, Alaska.

JOHNSON BEARD & TRUEB, PC
Attorney for Plaintiff

By: /s/ Lanning M. Trueb
Lanning M. Trueb, ABA #8911083

**Complaint for Maritime Wrongful Death**
*Wheeler v. Bay Welding Services, Inc.*